

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. J. Crowe, Secretary
Texas State Board of Medical Examiners
Texas State Bank Building
Dallas, T e x a s

> Opinion No. O-3372
> Re: Violation of the Medical Practice
> Act by the plan of operation dis-
> cussed.

Dear Sir:

Your request for an opinion from this de-
partment has been received and considered. We quote
from your request:

"Referring to the attached correspond-
ence, concerning the establishment of a Com-
munity Hospital, the plan for which is set
out in the prospectus herewith.

"This proposition appears to be a com-
munity attempt to practice medicine through
a board of so-called trustees and a hired
personnel, and on the face of it appears to
be not only illegal, but a rather slick way
of getting not only a clientele but the
practical ownership of a hospital.

"In view of the responsibility assumed,
which is communitive, I'm asking if this
plan becomes a reality, will it not be in
violation of the medical practice act."

Excerpts from the charter granted to the
South Plains Cooperative Hospital Association reads
as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. J. Crowe, Secretary -- Page 2

"The purpose for which it is formed is;

"(a). To buy, lease, or build any hospital and/or clinic, and maintain such medical, surgical and dental staff as the members may deem necessary for the efficient and modern treatment of its said members and others;

"(b). For the members of said corporation to provide for their hospital and medical care, if needed, and each member of said corporation, or any member of his family, or any other person, if in need of medical care, shall choose his, or her own physician from any members of the staff, and the said corporation shall not attempt to control the relation existing between any members of said corporation, or any other persons, and his, or her physician;

"(c). To employ only physicians on the staff who will not solicit, nor employ, pay or promise to pay any person, firm or corporation to secure, solicit or drum patients or patronage, and discharge any member from the staff if any person has accepted or agreed to accept pay or employment for such securing, soliciting or drumming for patients for said physicians. * * *

"The South Plains Cooperative Hospital Association shall be managed by a Board of

Honorable T. J. Crowe, Secretary -- Page 3

nine (9) Directors, to be elected by the
members of said corporation, and the names
and residences of those who are to serve
the first year are; * * *

"The South Plains Cooperative Hospi-
tal Association shall not have any capital
stock and shall not be operated for profit,
but all of its operations shall be for the
mutual benefits of its members."

Assuming that such corporation was duly
and lawfully incorporated for the purpose named in
its charter, we have carefully examined the medical
practice Act of this state, (Ch. 6 of Title 71 of
Vernon's Civil Statutes of Texas, being Articles
4495 to 4512, inc.) and (Ch. 6 of Title 12 of Ver-
non's Penal Code of Texas), to see if the proposed
plan of furnishing hospitalization and medical and
dental services is in violation thereof.

We find nothing in the medical practice
Act which prevents a hospital from hiring one or
more physicians to perform professional services
for its patients. In the case of REPUBLIC RECIPRO-
CAL INSURANCE ASSOCIATION v. COLGIN HOSPITAL CLIN-
IC, (Comm. of App.) 65 S.W. (2d) 286, the court in
holding that a sanitarium could maintain a suit for
professional services rendered by its doctors to a
patient confined therein and who had previously agreed
to pay for same, said:

"(1) In ordinary acceptation, a san-
itarium is an institution for the medical
treatment of sick persons, as well as for
ministering to related needs of patients.
This treatment reasonably embraces, within
its purview, the services of natural per-

sons who practice medicine. The statutes expressly authorize corporations for the 'erection and maintenance of sanitoriums.' R.S. art. 1302, subd. 6. The authority in such a corporation to provide medical treatment to the patients, and to employ, for that purpose, those persons who are duly licensed to practice medicine, is reasonably implied. It is quite true that by article 742 of the Penal Code it is made a crime for any person to practice medicine without complying with the requirements prescribed in article 4498 of the Revised Civil Statutes (the latter article being worded the same as article 739 of the Penal Code); but, when those requirements are met, there is nothing in the statutes which implies a prohibition against such person engaging his services to another. The prescribed requirements have regard to his authority to practice medicine upon human beings, and not to the character of his employer. In the present case, the Colgin Hospital & Clinic was invested with implied authority, in performing its corporate functions in respect to supplying medical treatment to its patients, to employ those persons who qualify, in accordance with the provisions of article 4498, to practice medicine. * * * "

We think the above holding authorizes the Cooperative Plains Hospital Association, provided it is lawfully incorporated as a sanitarium, to hire physicians to render professional services to its patients.

From a consideration of the Medical Practice Act, and the case cited, we can find no reasonable basis, under the charter and proposed plan of

Honorable T.J. Crowe, Secretary -- Page 5

operation, for holding that as a matter of law, the South Plains Cooperative Hospital Association is itself practicing medicine or will practice medicine.

You are, therefore, respectfully advised that under the facts submitted by you, it is our opinion, that as a matter of law, the South Plains Cooperative Hospital Association, so long as it follows its lawful powers authorized by its charter, is not violating the Medical Practice Act in the state of Texas.

In this opinion we have not passed upon the validity of the charter of said corporation.

We are enclosing the exhibits which you attached to your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:eb
Encls.

APPROVED AUG 18, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN